UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JERMAINE KENT,

    Plaintiff,

v.                                                        Case No. 6:15-cv-880-Orl-37TBS

ZACHARY BROWN,

    Defendant.
_____

## **ORDER**

In this action, Plaintiff Jermaine Kent has lodged a 42 U.S.C. § 1983 claim against Defendant Zachary Brown for the alleged use of excessive force during Plaintiff's arrest on February 20, 2013. (Doc. 1.) After the close of discovery, Defendant moved for summary judgment on grounds of qualified immunity and the doctrine espoused in *Heck v. Humphrey*, 512 U.S. 477 (1994). (Doc. 60 ("**MSJ**").) The Court denied the MSJ on May 31, 2017. (Doc. 73 ("**May 31 Order**").)

Defendant has since sought interlocutory review of the Court's denial of his qualified immunity defense. (Doc. 74 ("**Appeal**").) In light of the Appeal, Defendant moves to stay this action pending the Eleventh Circuit's ruling. (Doc. 75 ("**Motion to Stay**").) The Motion to Stay is unopposed. (*Id.* at 3.)

Because the defense of qualified immunity "protects government officials not only from having to stand trial, but from having to bear the burdens attendant to litigation," a district court may properly stay discovery pending a party's appeal of the denial of such

-1-

immunity. *Blinco, Jr. v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1252 (11th Cir. 2004). Such stay is mandatory if the district court determines that the appeal is non-frivolous. *Id.*

Though this Court disagrees with Defendant's position as to the correctness of the May 31 Order, the Court does not find that his Appeal is frivolous. Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Unopposed Motion for Stay of Case Pending Appeal by Defendant Brown (Doc. 75) is **GRANTED**.

2. This action is **STAYED** pending the Eleventh Circuit's ruling on Defendant's interlocutory appeal.

3. All outstanding dates and deadlines in this action are **SUSPENDED**.

4. The parties are **DIRECTED** to file a joint report on the status of the appellate proceedings on Thursday, **September 7, 2017**, and every ninety days thereafter.

5. The parties must also notify the Court as soon as the Eleventh Circuit issues its mandate on Defendant's interlocutory appeal.

6. The Clerk is directed to **ADMINSTRATIVELY CLOSE** this file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on June 9, 2017.

ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record